**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Perris, ) | No. CV-05-2573-PHX-SMM (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| Defendants. ) | |

This matter arises on the Court's review of the file. Plaintiff commenced this action on August 25, 2005. (docket # 1) On December 15, 2005, the Court ordered service on Defendant Arpaio and ordered Plaintiff to file a completed service packet by January 4, 2006. (docket # 8)

Although the deadline for returning the completed service packet passed, Plaintiff neither returned a completed service packet to the Court nor otherwise effected service on Defendant. Plaintiff has not taken any action in this case since November of 2005. The Court, therefore, ordered Plaintiff to show cause on or before April 4, 2007 why this matter should not be dismissed without prejudice for failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b), for failure to serve pursuant to Fed.R.Civ.P. 4(m), and for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and LRCiv 41.1(providing that a case which has "had no proceedings for six (6) or more months may be dismissed by the Court for want of prosecution."). (docket # 9) Plaintiff has neither responded to the order to show cause nor otherwise communicated with the Court. Therefore, the Court will determine whether dismissal is appropriate.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to respond to Court orders prevents the case from proceeding in the foreseeable future. the fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed. Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and pursuant to LRCiv 41.1.

1 | In accordance with the foregoing,

2 | **IT IS HEREBY ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and LRCiv 41.1 this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 17th day of April, 2007.

Stephen M. McNamee
United States District Judge